Shaokeleord, J.,
delivered the opinion of the Court.
This suit is on a note, executed by the plaintiffs in error to the defendant in error, for $4,000, dated September 1, 1860, and due twelve months after *456 date, with interest, at the rate of ten per cent, per annum from the date. The declaration is in the usual form. The plaintiffs in error filed four pleas: 1, Nil debit. 2, That in the year 1851, they borrowed of the defendant in error $3,000, agreeing to pay ten per cent, interest on the same; that said note was renewed from year to year — payments were made, and, at the execution of the note in suit, the sum of $1303, above the legal interest, had been paid, and was included in the note of $4,000; that the contract was in violation of the public law of the land. 3, The note was not for borrowed money — that neither the principal nor interest could be collected, it being void by Statute. 4, The note was usurious to the extent of $1,303, and the same ought to be credited on the note at its date. The last plea was sworn to; issue was taken on the first plea; replication to the second avers the note sued on, was given in renewal of a former note; that it was not true the plaintiffs in error, borrowed of the defendants in error $3,000, agreeing to pay ten per cent, interest; and it was untrue the note was renewed from year to year, and that the payments amounted to $1,303 above the legal interest; and that the note is not usurious, nor made in violation of public policy, the consideration being $4,000 of money loaned — $3,000 in 1855, and $1,000 in 1858. Replication to the fourth plea, avers the defendant in error-loaned to the plaintiffs in error, in 1855, $3,000, they agreeing to pay him ten per cent, per annum, for the use of the same; that they did pay him ten peí-cent. per annum, up to the 1st of September, 1858, *457 wben the defendant loaned tbe plaintiffs the further sum of $1,000, and that ten per cent, was paid on the whole sum up to the 1st September, 1860, when the note in suit was executed. The amount of usurious interest included in the note, is $758.87, which, when taken from the note, makes due, at its date, the sum of $3,241, which is all the defendant in error claims, less the $100 paid, and he is willing the plaintiffs should be credited on the note for that sum. The cause was submitted to a jury at the - Term, in which the Court, in substance, charged the jury: “If the note sued on, was executed after the law allowing ten per cent, interest for money loaned, went into effect, the note would not be illegal; that the defendant in error was entitled to recover the money loaned, with ten per cent, interest; the usurious interest being included in the note, would not render it void; the plaintiff in error was entitled to recover, with the legal interest, the sum less the usury.”
- The counsel for the plaintiff in error requested the following instructions from the Court: “If the note sued on was given for usury, and if the same was included in, and constituted a part of, the consideration of the note, then the usury would taint the whole contract, and it would be illegal and void, and that the defendant in error would not’ be entitled to recover any part thereof. Secondly, If the note sued on embraced $758, or any other amount that is usurious and not for' money loaned, or, if the note, in fact, is, for any consideration, not loaned money, then, it would be illegal; and the whole contract, as , the note is to bear *458 ten per cent., would be void, and tbe defendant could not recover any part thereof.” Which instructions the Court refused, except as he had already charged.
The jury rendered a verdict in favor of the defendant in error. A new trial was moved for, which was overruled; to which the defendant excepted, and tendered his bill of exceptions, which was done, and made part of the record.
The jury found in favor of the defendant in error, upon the 1st, 2nd, and 3rd pleas; and upon the issue on the.,, 4th plea, they found the note sued on included usurious interest,' to the amount of $824, and judgment was rendered against the plaintiff in error, for the balance of the debt and interest. The record has been filed for error.
Two questions are presented for our consideration: 1st, It is insisted, the law authorizing the loan of money at ten per cent., did not go into effect, under its provisions, until the 2d day of "September, 1860; and this note being for ten per cent, interest on its face, and being executed before the law took effect, it is, therefore, void. 2d, The note includes usurious interest, by the provisions of the second section of the Act passed February 21, 1860, pamphlet Act of 1859 and I860, p. 31. By the terms of the Act, it is not for money loaned, and is, therefore,' illegal and void. In answer to the first proposition assumed in argument, the ninth section of the Act creating the law, allowing ten per cent, interest to be given for money loaned, provides the Act shall take effect from and after the 1st day of September, 1860. In the construction of *459 Statutes, the paramount object is to ascertain the real intention of the Legislature creating the law; and when this is done, it is to prevail over the literal expression of terms. When the words are not explicit, the intention is to he taken from the contract, from the necessity of the law, from the mischiefs felt, and the object and remedy in view; and the intention is to be presumed, according to what is consonant to reason and good discretion: 1 Kent’s Com., 511. This Court recognized this principle in the case of the State vs. the Clarksville & Russelville Turnpike Company, in which they say that it is a general rule, that the words of a Statute of common use, are to be taken in their natural or ordinary sense, and without any forced or altered construction, to limit or extend their import; and to discover the intention, the courts may consider the subject-matter — “the effect and reason of-the Statute.”
There has been much conflict' of opinion in the various courts of the different States, and much subtle reasoning on this question, and no uniformity in the decisions. This Court held, in the case of Jones vs. Planters’ Bank, 5 Hum., 651, the principle that seems to have governed all modern cases, which is, that time will be so computed as to save the right intended to be favored by the law, or to be secured by the parties to the contract. The common understanding of the country, was, the law went into effect on the 1st day of September, 1860, and under that belief parties contracted. The law was upon the Statute books, making that legal on the day the Act went *460 into effect, which was illegal previous to its taking effect; and in construing this Statute, such construction will be given so as to save the right intended to be favored by the law.
When the Act has been signed by the Speakers of both Houses, (as it must be to become a law,) it takes effect from its passage by relation, and not from the time it is signed by the Speakers. And if it be a repealing Statute, it avoids any act done by authority of the repealed law in the interval, between its passage and signing: Meigs’ Rep., 237.
In the Act under consideration, a period of about seven months is fixed before it goes into operation. The object and purpose of the law, was, to induce parties to bring money into the State, by an increased rate of interest, to loan it at ten per cent., which had , been previously prohibited; and under the provisions of that Act, this note was executed.
Did the Legislature intend, by the use of the words “from and after” that the Act should go into effect on the 2d day of September? If so, the word “from” would convey no meaning, and should not have been used. Without the use of that term, “after” would convey the meaning that it took effect on the 2d of September. By the use of the words “from and after’’ (that is, on the 1st day of September, 1861, and after that time,) the law should have full force and effect. We are, therefore, of the opinion, that the Act in question took effect on the 1st day of September, 1860, and after that time, it was in full force and effect until it was repealed. The solution of the sec *461 ond proposition, must depend upon the construction to be given to the second section of the Act under consideration.
By the Act of 1741, all usurious transactions were declared to he absolutely void. By the Act of 1819, ch. 32, sec. 2, in- any case, where a larger sum than sis per cent, interest, shall be reserved, directly or indirectly, it shall be within the option of the defendant to plead the Act, and thereby avoid the excess over the legal rate of interest. By the Act of 1835, chap. 10, sec. 4, when a greater sum than six per cent, is reserved, directly or indirectly, and suit is brought for the same, either in a court of record, or before a magistrate, the principal debtor, his security or accommodation indorser, the defendant may avoid the excess by a plea, setting forth, under oath, the amount of usury in the transaction. The provisions of these last two Acts, were embodied in the Code, in secs. 1950-1953. The passage of the Act of February 21, 1860, allows a greater interest than six per cent., and not to exceed ten per cent., for money loaned. The second section of said Act, does not repeal the provisions of the Code, 1950-1953, but imposes a penalty for taking ten per cent, interest, where the consideration of a note was not money loaned. By the provisions of the second section of the Act, it was not lawful to renew debts for money actually loaned at ten per cent. But it was expressly provided, that nothing in the Act should be so construed as to authorize any debt or liability not originating for money actually loaned, thus to be renewed; and all efforts, by direct *462 or indirect means, to take and receive a greater rate of interest, than six per cent, per annum, for any debt, or demand, or liability, the origin of which is not for money actually loaned, shall be deemed unlawful, and operate as a release to the debtor from the entire amount of such debt. The replication of the defendant in error, admits there was usurious interest included, to the amount of $758. This sum formed a part of the consideration of the note of $4,000, was not for loaned money, but an illegal consideration, and falls within the provisions of the second section of the Act passed February 21, 1860. The sections 1950-1953 of the Code, have no application to the case under consideration. The object and purpose of the Legislature, was to protect the citizen from the tyranny of the creditor, by being forced to pay ten per cent, interest, which was not for borrowed money. The penalty indicated was the loss of the debt. The language is plain and unambiguous, and it is imperative upon the courts to enforce the plain mandates of the Statutes.
It was settled by this Court, in the case of Whitman and Ryan vs. Bradly, 3 Head., 723, that every contract, made for or about any matter or thing which is prohibited or made unlawful by Statute, is a void contract. It follows, therefore, that the note in suit, including matter which was prohibited by law, and a greater rate of interest than six per cent, being given, in violation of the Statutes, the contract or note, is void, and the party will be repelled from the Court.
*463 The judgment of the Circuit Court will be reversed, and a new trial awarded; in which the law will be charged in conformity with the principles settled in this opinion.